FILED 03 NOV '20 14:45USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:20-cr- 505 IM |
| v. | INDICTMENT |
| CHRISTOPHER JOSHUA RUGGLES;<br>EDMUNDO GONZALEZ BARRERA;<br>TYLER TIMOTHY WHITZEL;<br>DAVID MICHAEL KARNES; and<br>CASEY JAMES BOWEN, | 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i & viii);<br>(b)(1)(B)(i); 843(b); 856(a); and 846,<br>18 U.S.C. § 1956(a)(1)(B)(i) and (h)<br>Forfeiture Allegations |
| Defendants. | UNDER SEAL |

## COUNT 1

(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)), 843(b), 856(a) and 846)

Beginning on an unknown date but no later than on or before the month of August 2020, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants **CHRISTOPHER JOSHUA RUGGLES, EDMUNDO GONZALEZ BARRERA, TYLER TIMOTHY WHITZEL, DAVID MICHAEL KARNES,** and **CASEY JAMES BOWEN,** did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons whose identities are known and unknown to the Grand Jury to commit the following objects in violation of Title 21, United States Code, Section 846:

### Objects of the Conspiracy

A. **Possession with Intent to Distribute Methamphetamine**: The conspirators agreed to possess with intent to distribute 50 grams or more of actual methamphetamine its salts,

isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

     **B.**   **Distribution of Methamphetamine**: The conspirators agreed to distribute 50 grams or more of actual methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

     **C.**   **Possession with Intent to Distribute Heroin**: The conspirators agreed to possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

     **D.**   **Distribution of Heroin**: The conspirators agreed to distribute 1 kilogram or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

     **E.**   **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

     **F.**   **Maintaining Drug-Involved Premises**: The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 856(a).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to utilize cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

### Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1. From on or about September 15, 2020, and continuing through on or about October 3, 2020, **CHRISTOPHER JOSHUA RUGGLES** received drug proceeds that he sent to a wire remitter service to individuals known and unknown to the grand jury as payment for drugs that **CHRISTOPHER JOSHUA RUGGLES** had obtained and stored at his residence and distributed to his drug customers.

2. From on or about August 2020 and continuing to on or about October 23, 2020, **CHRISTOPHER JOSHUA RUGGLES, EDMUNDO GONZALEZ BARRERA, TYLER TIMOTHY WHITZEL, DAVID MICHAEL KARNES,** and **CASEY JAMES BOWEN,** and others known and unknown to the grand jury used cell phones to coordinate the delivery of, and delivered unknown quantities of methamphetamine, and heroin for distribution to the Portland, Oregon area to distribute to drug customers in Oregon.

2. On or about October 2, 2020, **TYLER TIMOTHY WHITZEL** transported and delivered approximately 100 gross grams of heroin to **CHRISTOPHER JOSHUA RUGGLES** for distribution to drug customers in the Portland, Oregon area.

3. On or about October 4, 2020, **CHRISTOPHER JOSHUA RUGGLES and EDMUNDO GONZALEZ BARRERA,** coordinated the delivery of, transported and delivered

approximately 10 pounds of methamphetamine from California to Oregon for distribution to **TYLER TIMOTHY WHITZEL, DAVID MICHAEL KARNES,** and **CASEY JAMES BOWEN** and other drug customers in the Portland, Oregon area.

### COUNT 2
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. § 841(a)(1), (b)(1)(A)(viii))

On or about October 5, 2020, in the District of Oregon and elsewhere, defendants **CHRISTOPHER JOSHUA RUGGLES** and **EDMUNDO GONZALEZ BARRERA,** did unlawfully and knowingly possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

### COUNT 3
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. § 841(a)(1), (b)(1)(A)(viii))

On or about October 9, 2020, in the District of Oregon, defendant **TYLER TIMOTHY WHITZEL,** did unlawfully and knowingly possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

### COUNT 4
### (Conspiracy to Commit the Laundering of Monetary Instruments)
### (18 U.S.C. § 1956(a)(1)(B)(i) and (h))

Beginning on an unknown date but no later than on or before the month of August 2020, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon, defendant **CHRISTOPHER JOSHUA RUGGLES**, and other persons

whose identities are known and unknown to the grand jury, did knowingly combine, conspire, confederate and agree to knowingly conduct financial transactions affecting interstate commerce involving proceeds from the Unlawful Distribution of a Controlled Substance, that is, methamphetamine and heroin, a specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

a. knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of a specified unlawful activity;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

## FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts 1 through 3 of this Indictment, defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SECOND FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count 4, defendant **CHRISTOPHER JOSHUA RUGGLES**, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in the money laundering conspiracy as alleged in Count 4.

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: November 3, 2020.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

_____
PAUL T. MALONEY, OSB #013566
Assistant United States Attorney