**LAURIE BENDER**, OSB #881570
Laurie Bender, P.C.
P.O. Box 82189
Portland, Oregon 97282
(503) 241-7075
Facsimile (503) 241-1768
lbenderlaw@aol.com

Attorney for Defendant Edmundo Gonzalez Barrera

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:20-cr-00505 - IM |
| Plaintiff, | |
| vs. | REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY |
| EDMUNDO GONZALEZ BARRERA, | |
| Defendant. | |

**TO: ASSISTANT UNITED STATES ATTORNEY PAUL T. MALONEY**

Defendant Edmundo Gonzalez Barrera, by and through his attorney, Laurie Bender, hereby requests that the United States' Attorney disclose, produce, and make available for examination and copying by defense counsel or agents thereof the items listed below, whether currently in the possession, custody, control or knowledge of the United States Attorney, and/or any law enforcement agent, or by which the exercise of due diligence may become known to the attorneys for the government.

## GENERAL REQUEST FOR DISCOVERY

Rule 16 of the Federal Rules of Criminal Procedure is "intended to prescribe the

minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Armstrong*, 517 U.S. 456, 475 (1996) (Breyer, J., concurring) (quoting Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment); *see also United States v. Burns*, 15 F.3d 211, 215 n.2 (1st Cir. 1994).

Moreover, under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (emphasis added); *United States v. Hanna*, 55 F.3d 1456, 1461 (9th Cir. 1995) (same); *see United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) ("better practice is for the prosecutor herself to review [surveillance notes for *Brady* material]"); *see also* U.S. Dep't of Justice, *U.S. Attorneys' Manual*, § 9-5.001(B)(2) (2014) ("It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team . . . includ[ing] federal, state, and local law enforcement officers and other government officials participating in . . . the criminal case against the defendant.").

In light of the foregoing, and in light of the authority set forth below, the defendant requests the government to produce discovery of the following:

1.     All local, state or federal reports relating the circumstances of any search involving the defendant or his property, each co-defendant and his or her property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches. This information is necessary to enable to the defendant to prepare motions to suppress evidence. Rule 16(a)(1); 12(b)(4)(B); 41(h).

**2** – **REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY**

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

2.      All written or recorded statements of the defendant and any co-defendant (including, but not limited to, grand jury testimony, telephone calls, depositions, etc.). *See* Rule 16(a)(1)(B); *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (ordering disclosure when government "offered no compelling explanation" for non-disclosure of statements of co-defendant).

3.      The substance of all oral statements of the defendant and any co-defendant to any government agent. Rule 16(a)(1)(A); *United States v. Alex*, 788 F. Supp. at 1016; *United States v. Camargo-Vergara*, 57 F.3d 993, 998-99 (11th Cir. 1995) (finding reversible error in failure to disclose defendant's post-arrest statement where defense strategy affected).

4.      Any agent's underlying rough notes of the statements requested in items 2 and 3 above. *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (requiring preservation of rough notes of interviews with the accused); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (exercising discretion under Rule 16 to order disclosure of notes of interview with defendant).

5.      A copy of the defendant's and co-defendants' record of prior convictions and the FBI rap sheet. Rule 16(a)(1)(D); *see United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1991) (*per curiam*). Both national and local criminal records should be searched. *See United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation."); *see also United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (extending *Bryan* to agencies which did not participate in the investigation when prosecutor knew of and had access to related files).

**3 – REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY**

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

6.      All books, papers, documents, tangible objects, photographs, buildings or places which are "material to preparing the defense." Rule 16(a)(1)(E)(i); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (requiring disclosure of all records of meetings between defendant and the FBI in order to prepare entrapment defense); *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003) (holding that a narcotics detection dog's training and certification records were material and discoverable where reasonable suspicion was based on the dog's alert); *see also United States v. Thomas*, 726 F.3d 1086, 1096 (9th Cir. 2013) (same), *cert. denied*, 134 S. Ct. 2154 (2014); *United States v. Bergonzi*, 216 F.R.D. 487, 501-02 (N.D. Cal. 2003) (holding that the company's internal report and interview memoranda were material in a securities fraud prosecution because they were prepared with an eye toward discovering who was culpable for the crime).

7.      All items in request 6 above which belong to the defendant. Rule 16(a)(1)(E)(iii).

8.      All items in request 6 above which were obtained from the defendant. Rule 16(a)(1)(E)(iii).

9.      Any evidence, including, but not limited to, the items in request 6 above which are intended for use by the government as evidence in its case-in-chief. Rule 16(a)(1); *see* Rule 12(b)(4)(B); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 992-95 (1st Cir. 1995) (holding that the government's failure to designate evidence violated former Rule 12(d)(2), which "creates a notice requirement").

10.     Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including, but not limited to, chemical analysis, fingerprints, voice prints, handwriting, and any forensic analysis of digital devices, including providing

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

the defense access to such data in the native file format if doing so is necessary to allow the defense access to the complete data available to the Government. *See* Rule 16(a)(1)(F).

11.    A written summary of all expert-witness testimony the government intends to offer in its case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications." Rule 16(a)(1)(G); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("[F]airness requires that adequate notice be given to the defense to check the findings and conclusions of the government's experts." (quoting *United States v. Kelly*, 420 F.2d 26, 29 (2d Cir. 1969))); *United States v. Richmond*, 153 F.R.D. 7, 8 (D. Mass. 1994) (disclosure of existing expert summaries "forthwith," and of yet-unwritten summaries no later than 45 days before trial); *see United States v. Edwardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (stating that defendants could not hire their own expert "until they were informed of the adverse report of the government expert").

12.    A description of any prior conviction or prior "similar act" the government will seek to introduce at trial. Fed. R. Evid. 404(b) (requiring "reasonable notice in advance of trial . . . of the general nature of any such evidence"); Advisory Committee Notes to 1991 Amendments (noting court can exclude evidence if prosecution fails to comply with pre-trial notice requirement of Rule).

13.    A statement that the personnel files of each law enforcement agent or officer who will testify in the case have been examined. The Assistant U.S. Attorney should direct that such files be examined for evidence of any allegations that any officer has ever made a false statement or has a reputation for dishonesty. *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *see Kyles*, 514 U.S. at 437 (stating that the "prosecutor has a duty to

**5 – REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY**

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon 97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

learn of any favorable evidence known to the others acting on the government's behalf");

*United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (finding error in failure to

disclose agent's personnel file, which included a magistrate's characterization of agent's

testimony as "absolutely incredible"); *United States v. Kiszewski*, 877 F.2d 210, 215-16 (2d

Cir. 1989) (holding that the district court must review in camera an agent's personnel file to

determine if impeachment matter, here allegations that agent accepted bribes, should be

disclosed).

14.    Reports and records relating to any eavesdropping, wiretapping, or electronic

recording of any kind relating to this case. *See* 18 U.S.C. §§ 2511 et. seq.

15.    All notes or other writings or documents used by a prospective government

witness before the grand jury. *United States v. Wallace*, 848 F.2d 1464, 1470-71 (9th Cir.

1988) (holding that witness's notes were discoverable under Jencks Act because the witness

"referred to and used the notes while testifying before the grand jury, thus 'adopting or

approving' the notes as her own statements").

16.    The names and addresses of all percipient witnesses interviewed by the

government whom the government does not intend to call at the trial. *United States v. Cadet*,

727 F.2d 1453, 1469 (9th Cir. 1984).

17.    The arrest and conviction record of each prospective government

witness. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (holding that criminal

records of witnesses must be disclosed even if contained in a witness's probation file);

*United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980). The government is required to

search both national and local criminal record files. *See Perdomo*, 929 F.2d 967, 970 (3rd

Cir. 1991).

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

18.    Any evidence that a criminal case has recently been dismissed against any prospective government witness. *United States v. Smith*, 77 F.3d 511, 513-15 (D.C. Cir. 1996) (holding that the dismissal of two felony cases pending against prosecution witness was material to impeachment and should have been disclosed pursuant to *Brady*); *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

19.    Any evidence that any prospective government witness has any criminal charge pending against him. *United States v. Fried*, 486 F.2d 201, 203 (2d Cir. 1973) (stating that a pending indictment can be relevant to bias and motive of witness); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (same).

20.    Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985).

21.    Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case.

22.    Any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See United States v. Giglio*, 405 U.S. 150, 152-55 (1972) (agreement not to prosecute); *Jackson v. Brown*, 513 F.3d 1057, 1070-71 (9th Cir. 2008) (promise to write letter asking that witness serve sentence elsewhere); *United States v. Boyd*, 55 F.3d 239, 245-46 (7th Cir. 1995) (favors to cooperating witnesses, including use of illegal drugs and regular unsupervised access to female visitors which facilitated sex and drugs in United States Attorney's office); *Edwardo-Franco*, 885 F.2d at 1010 (earnings of informant in past cases);

**7** – **REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY**

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

*United States v. Shaffer*, 789 F.2d 682, 689-90 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied post-trial payment); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding, even though it was conditional and no "promise" was made); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir. 1974) ("protective" custody status, per diem, and special privileges); *United States v. Burnside*, 824 F. Supp. 1215, 1259 (N.D. Ill. 1993) ("[D]efendants . . . were entitled to know . . . the government's lenient security measures, the absence of drug testing and the other benefits, all of which pointed to an implicit and illicit deal between the government and its witnesses.").

23.    Any evidence that any prospective witness has applied for, or requested from the government, any consideration or benefit including, but not limited to, any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Maxwell v. Roe*, 628 F.3d 486, 509-11 (9th Cir. 2010) (holding that the fact that witness sought out a better deal should have been disclosed, even though the witness did acknowledge receiving a deal); *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989).

24.    Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *Silva v. Brown*, 416 F.3d 980, 986 (9th Cir. 2005) (holding that the government should have disclosed "the full extent of the prosecution's deal" with the witness); *Horton v. Mayle*, 408 F.3d 570, 578-79 (9th Cir. 2005) (finding material the failure to disclose leniency deal with witness); *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) ("[S]pecial immigration

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

treatment by the INS and the DEA was highly relevant impeachment material."); *United States v. Kojayan*, 8 F.3d 1315, 1322, 1324-25 (9th Cir. 1993) (reversing conviction and remanding case to consider dismissal as sanction for government's failure to disclose deal between government and non-testifying witness); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reed*, 594 F.2d 4, 6-7 (4th Cir. 1979) (agreement where witness was informed that "everything would be all right" if he testified must be disclosed); *Du Bose v. Lefevre*, 619 F.2d 973, 978-79 (2d Cir. 1980) (prosecutor's statement to the witness that he would "do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning).

25.    The full scope of any witness's past cooperation with the government including, but not limited to, all monies, benefits and promises received in exchange for cooperation, the full extent of the witness's assets, and the status of the witness's present and past income tax liability. *Shaffer*, 789 F.2d at 688-89 & n.7; *see Maxwell*, 628 F.3d at 511-12 (holding that witness's prior history as an informant should have been disclosed); *Singh v. Prunty*, 142 F.3d 1157, 1161-62 (9th Cir. 1998) (finding reversible error in prosecutor's failure to disclose cooperation agreement with key witness against defendant); *Edwardo-Franco*, 885 F.2d at 1009-10 (evidence of past services highly relevant to bias and interest); *Bagley v. Lumpkin*, 798 F.2d 1297, 1302 (9th Cir. 1986) (reversing for failure to disclose contracts that would give impeachment evidence against key witnesses who were hired by government to investigate the defendant).

26.    All statements of any prospective witness relevant to his testimony or relevant to impeachment or bias. *See Kyles*, 514 U.S. at 454 (reversing for failure to disclose

**9** – **REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY**

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

evidence of misidentification by crucial witness); *Riley*, 189 F.3d at 803 (reversing due to destruction of interview notes when there "was no substitute for the notes except the recollections of the agent and the witness, which differed in several respects"); *United States v. Service Deli Inc.*, 151 F.3d 938, 942-43 (9th Cir. 1998) (requiring disclosure of interview notes rather than summary when summary failed to disclose material information in the notes); *United States v. Steinberg*, 99 F.3d 1486, 1491 (9th Cir. 1996) (requiring disclosure that witness was involved in ongoing criminal activities while working as government informant, and that witness owed defendant money), *disapproved of on other grounds by United States v. Foster*, 165 F.3d 689, 692 n.5 (9th Cir. 1999); *United States v. Ogbuehi*, 18 F.3d 807, 811 (9th Cir. 1994) (requiring trial court to review notes taken during interview with co-defendant, which were read back to confirm their accuracy, in order to determine if notes were a "statement" under the Jencks Act); *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1463-64 (9th Cir. 1992) (finding that informant's recantation of earlier statement to DEA had to be disclosed under the Jencks Act as the recantation bore on credibility); *Boshell*, 952 F.2d at 1105 (finding that a witness's "confirmation of the facts in the notes before they were dictated on tape makes the notes and the tape producible under Jencks"); *United States v. Tincher*, 907 F.2d 600, 602 (6th Cir. 1990) (reversing when prosecutor withheld grand jury testimony of witness that contradicted trial testimony).

27.    Any evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony. *See Kyles*, 514 U.S. at 454 (reversing for failure to disclose evidence of misidentification by crucial witness); *United States v. Cuffie*, 80 F.3d 514, 518-19 (D.C. Cir. 1996) (reversing for failure to disclose evidence that prosecution witness had lied under oath

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

in a previous court proceeding involving same drug conspiracy); *United States v. Isgro*, 974 F.2d 1091, 1099 (9th Cir. 1992) (finding that although dismissal of indictment was not warranted, prosecutor's failure to disclose witness's inconsistent prior testimony was "intolerable"); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988) (finding reversible error to withhold victim's prior inconsistent description of attacker); *Lindsey v. King*, 769 F.2d 1034, 1041-43 (5th Cir. 1985) (finding reversible error to withhold eyewitness's original failure to identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980) (holding that contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (same); *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1202 (C.D. Cal. 1999) ("[A]ny variations in an accomplice witness's proposed testimony could be considered favorable to the defense and the existence of such differences should be disclosed under *Brady*.").

28.    Any evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person, whether or not a prospective witness. *See United States v. Kohring*, 637 F.3d 895, 906-07 (9th Cir. 2010) (requiring disclosure of informant's previous inconsistent statements); *United States v. Minsky*, 963 F.2d 870, 872, 874-75 (6th Cir. 1992) (requiring disclosure of third party's statements to FBI contradicting witness); *Hudson v. Whitley*, 979 F.2d 1058, 1064 (5th Cir. 1992) (finding that the state was required to disclose that a key witness had previously identified someone else in a lineup); *United States v. Galvis-Valderamma*, 841 F. Supp. 600, 607-10 (D.N.J. 1994) (granting retrial where statements should have been disclosed that bag of heroin found in car was not in plain view); *see also United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (statement of police officer casting doubt on story of witness).

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

29.    Any evidence that any government witness has threatened another government witness in an attempt to influence his testimony. *United States v. O'Conner*, 64 F.3d 355, 359-60 (8th Cir. 1995).

30.    Any evidence that a witness has engaged in crimes even though he has not been convicted of those crimes. *United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (stating that a prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness"); *Powell v. Wiman*, 287 F.2d at 280-81 (5th Cir. 1961) (requiring disclosure of witness's admission to prosecutor that he engaged in several crimes); *United States v. Burnside*, 824 F. Supp. at 1271-72 (granting new trial to disclose ongoing illegal drug use by cooperating witnesses); *United States v. Boffa*, 513 F. Supp. 444, 500 (D. Del. 1980) (requiring pretrial disclosure of witnesses' prior bad acts).

31.    Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002) (finding *Brady* violation in failure to disclose evidence that key witness had previously falsely accused defendant of murder); *United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993) ("[A] lie to the authorities paying for his services by an informant-witness about his felony criminal record would be relevant evidence as to the informant's credibility."); *Brumel-Alvarez*, 991 F.2d at 1463 (requiring disclosure of evidence that witness lied during investigation); *Minsky*, 963 F.2d at 875 (requiring disclosure of witness's false statements to FBI).

32.    Any evidence that any witness has a tendency to lie or exaggerate his testimony. *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009) (reversing for failure to

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

discover or disclose witness's history of fraud and dishonesty); *United States v. Brumel-Alvarez*, 991 F.2d at 1458 (requiring disclosure of DEA agent's negative view of informant's credibility); *United States v. Strifler*, 851 F.2d at 1202 (requiring disclosure of probation file showing witness's tendency to lie or "overcompensate").

33.    Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony or any time prior to testifying in court. *See Benn*, 283 F.3d at 1056 ("[E]vidence that [a witness] was using drugs during the trial would reflect on his competence and credibility . . . [and] his ability to recollect or perceive the events."); *Burnside*, 824 F. Supp. at 1265 (granting a new trial for failure to disclose witnesses' continuing drug use, which was relevant to the witnesses' abilities to recollect and relate events, and because the government condoning the drug use was something "from which a fact finder could infer that these witnesses may have wanted to stay on the government prosecutors' good side and adjusted their testimony accordingly").

34.    Any evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to lie, exaggerate, falsify or distort his testimony. *See United States v. Bagley*, 473 U.S. 667, 683 (1985) (requiring disclosure that witnesses might have been biased against defendant); *Strifler*, 851 F.2d at 1202 (requiring disclosure of information regarding the witness's motive to inform against the defendant), *see also Napue v. Illinois*, 360 U.S. 264, 270 (1959) (holding that some evidence of bias does not diminish the value of other evidence of bias).

35.    Any impeaching or bad character evidence relating to any government witness, especially informants. *Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993) ("[I]t is

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

essential that relevant evidence bearing on the credibility of an informant-witness be timely revealed . . . to defense counsel as required by *Giglio*").

36.    Any evidence that a prospective government witness has not passed a polygraph examination or had inconclusive results. *Carter v. Rafferty*, 826 F.2d 1299, 1305-09 (3d Cir. 1987) (holding that oral reports of polygraph examination should have been disclosed); *see United States v. Lynn*, 856 F.2d 430, 432-34 (1st Cir. 1988) (finding abuse of discretion when court refused to admit polygraph to impeach witness).

37.    Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. *Brady*, 373 U.S. at 84-86 (requiring disclosure of accomplice's statement that he, not defendant, did actual shooting); *United States v. Jernigan*, 492 F.3d 1050, 1051 (9th Cir. 2007) (reversing for failure to disclose that similar crimes continued after defendant's arrest); *United States v. Crosby*, 75 F.3d 1343, 1346 (9th Cir. 1996) (reversing for exclusion of evidence that implied person other than defendant was the guilty party); *Banks v. Reynolds*, 54 F.3d 1508, 1517-18 (10th Cir. 1995) (requiring disclosure to defense that another person had been arrested for same crime); *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 834 (10th Cir. 1995) (holding that petitioner was denied fair trial by the failure to disclose police reports, physical evidence, and witness statements that pointed to a different murder suspect).

38.    Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful. *Brumel-Alvarez*, 991 F.2d at 1458 (reversing where prosecution withheld a report that would have impeached a witness).

39.    The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of his identity or his participation in the crime charged,

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

and the content of any such statement. *See Kyles*, 514 U.S. at 453-54 (requiring disclosure of inconsistent witness identifications); *Jones*, 575 F.2d at 1168 (requiring disclosure of eyewitness's statement which did not mention defendant); *Jackson v. Wainwright*, 390 F.2d 288, 298-99 (5th Cir. 1968) (requiring disclosure of witness's statement casting doubt on defendant's identity); *United States ex rel. Meers v. Wilkins*, 326 F.2d 135, 138 (2d Cir. 1964) (requiring disclosure of names of two witnesses who said that the defendant was not the bank robber after viewing him at police station).

40.    Any physical evidence tending to exculpate the defendant in whole or in part, tending to mitigate punishment, or tending to impeach a government witness. *Miller v. Pate*, 386 U.S. 1, 6 (1967) (reversible error not to disclose evidence that clothing was covered with paint, not blood); *Paradis v. Arave*, 240 F.3d 1169, 1173 (9th Cir. 2001) (requiring disclosure of prosecutor's notes taken during interview with government witness, even though notes themselves likely inadmissible); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (holding as *Brady* material Food and Drug Administration reports which would have helped impeach witness in prosecution for unlawful distribution of prescription drugs); *United States v. Weintraub*, 871 F.2d 1257, 1265 (5th Cir. 1989) (vacating sentence where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant).

41.    Any evidence mitigating the punishment of the defendant. *Brady*, 373 U.S. at 84-85 (requiring new trial on question of punishment only after suppression of accomplice statement that he, not defendant, was actual shooter).

42.    The commencement and termination date of the grand jury that indicted the defendant. *In re Grand Jury Investigation,* 903 F.2d 180, 182 (3d Cir. 1990); *United States*

**15 – REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY**

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

*v. Diaz*, 236 F.R.D. 470, 478-79 (N.D. Cal. 2006) (granting defendant's request for discovery of orders regarding the beginning or extension of grand jury term).

43.    The number of grand jurors attending each session of the grand jury and the number of grand jurors voting to indict. *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir. 1980) (stating that prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict"); *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) (stating that ministerial matters like court's legal instructions to grand jury must be disclosed).

44.    The name of every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (noting court's inherent authority to order discovery of names of witnesses); *United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (finding ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("Both sides have the right to interview witnesses before trial.").

## THE PROSECUTOR HAS A DUTY OF INQUIRY

The prosecutor is requested to make personal and specific inquiry of each government agent and agency in any way connected to the case for each of the above items, even if the agent or agency is outside the District of Oregon. *Kyles*, 514 U.S. at 437 ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *Carriger*, 132 F.3d at 479-80 ("[T]he prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf."); *Alvarez*, 86 F.3d at 905 ("[T]he better practice is for the prosecutor herself to review . . . materials directly related to the investigation and

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

prosecution of the defendants, such as a testifying officer's surveillance notes."); *Wood*, 57 F.3d at 737 ("For *Brady* purposes, the FDA and the prosecutor were one."); *United States v. Santiago*, 46 F.3d 885, 893-94 (9th Cir. 1995) (holding, for purposes of Rule 16 discovery, that the prosecution had "possession and control" of Bureau of Prisons files); *Bryan*, 868 F.2d at 1036-37 ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation" even if outside the district of the prosecution); *United States v. Colima-Monge*, 962 F. Supp. 1337, 1341 (D. Or. 1997) (holding that files of an interjurisdictional state-federal agency were within the possession, custody, or control of the federal government); *see also Demjanjuk v. Petrovsky*, 10 F.3d 338, 353-54 (6th Cir. 1993) (finding that the government perpetrated fraud on the court by failing to produce exculpatory material); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (requiring prosecution to search local police files for information affecting credibility of police officer who was key witness and who, after first trial, was found shot with her own revolver in the presence of another police officer); *Perdomo*, 929 F.2d at 969-71 (requiring the prosecution to check witness's criminal record in local jurisdiction as well as NCIC records); *Osorio*, 929 F.2d at 762 ([T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government."); *United States v. Jackson*, 780 F.2d 1305, 1308 n.2 (7th Cir. 1986) (holding an FBI agent's knowledge attributable to prosecutor); *Martinez v. Wainwright*, 621 F.2d 184, 186-87 (5th Cir. 1980) (finding a rap sheet in a medical examiner's file to be in the custody of the prosecution); *Butler*, 567 F.2d at 889 (finding the prosecutor responsible for promise by agent even if prosecutor did not know of it); *United States v. McCord*, 509 F.2d 334, 342 n.14 (D.C. Cir.

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

1974) (*en banc*) ("The 'prosecution' includes all agencies of the federal government involved in any way in the prosecution of criminal litigation."); *Barbee*, 331 F.2d at 846 (finding that exculpatory ballistics report known only to police was in possession of prosecutor for discovery purposes).

## THE PROSECUTOR HAS A DUTY OF CONTINUING DISCOVERY

The government has a continuing duty to disclose the foregoing evidence as soon as the government or any of its agents discovers its existence. *See* Rule 16(c); *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) ("Moreover, the duty to disclose is ongoing; information that may be deemed immaterial upon original examination may become important as the proceedings progress . . . ."); *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady* "); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (stating that continuing duty to disclose was breached when prosecutor did not disclose fact that witness would soon accept immunity offer).

The Ninth Circuit may invoke its supervisory power to reverse a conviction where a prosecutor breaches the duty to disclose. *United States v. McClintock*, 748 F.2d 1278, 1284-85 (9th Cir. 1984). Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." *United States v. Ramirez*, 608 F.2d 1261, 1266 n.6 (9th Cir. 1979); *see Kyles*, 514 U.S. at 439; *Agurs*, 427 U.S. at 108.

The duty to disclose encompasses even those documents and statements the defense might already have. *Gantt v. Roe*, 389 F.3d 908, 913 (9th Cir. 2004) ("Though defense counsel could have conducted his own investigation, he was surely entitled to rely on the

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

prosecution's representation that it was sharing the fruits of the police investigation."); *United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) ("The availability of particular statements through the defendant himself does not negate the government's duty to disclose.").

Disclosure is required even if, in the government's view, the evidence is not admissible at trial. *Spence v. Johnson*, 80 F.3d 989, 1005 n.14 (5th Cir. 1996); *Sudikoff*, 36 F. Supp. 2d at 1201 (requiring under *Brady* "the disclosure of information that is likely to result in admissible evidence that would give the jury or court a more complete basis for judging guilt or punishment").

Should the prosecutor have a good faith doubt whether evidence should be disclosed, he or she is required to ask the court for an *in-camera* review. *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (requiring the prosecution to either disclose material evidence or submit it to the court).

Respectfully submitted on December 21, 2020.

/s/ Laurie Bender
Laurie Bender, OSB #881570
Attorney for Defendant
EDMUNDO GONZALEZ BARRERA

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020, I served the within REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE AND SUMMARY OF EXPERT TESTIMONY on:

Paul T. Maloney
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204


by electronic filing.

/s/ Laurie Bender
Laurie Bender, OSB #881570
Attorney for Defendant
Edmundo Gonzalez Barrera

Laurie Bender, P.C.
Attorney at Law
P.O. Box 82189
Portland, Oregon  97282
503 241-7075 FAX 503 241-1768
lbenderlaw@aol.com